IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES BRAZEAU,<br><br>*Plaintiff,*<br><br>vs.<br><br>FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION;<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:26-CV-04903-FB-RBF |

**ORDER DIRECTING FILING OF BRIEFS**

Pursuant to 28 U.S.C. § 636(b), Rule 1(h) of Appendix C to the Local Rules, and the Docket Management Order of Cases Seeking Judicial Review of Social Security Decisions entered on October 8, 2019, in the San Antonio Division of the Western District of Texas, this action to review the final decision of the Commissioner of Social Security has been referred for a report and recommendation. The Commissioner has filed the case transcript. Dkt. No. 5.

It is **ORDERED** that the parties submit briefs in accordance with the following requirements:

1. On or before **November 11, 2026**, Plaintiff shall file and serve a brief setting forth all errors Plaintiff contends entitle Plaintiff to relief. The brief shall contain the following, under appropriate headings and in the order here indicated:

   a. *A statement of the case*. This statement should indicate briefly the course of prior proceedings and disposition at the administrative level. It should further set forth a general statement of the facts. The statement of the facts shall include, but is not limited to, the following: Plaintiff's age, education, and work experience; a summary of the physical and mental impairments alleged; a brief outline of the medical evidence; and a summary of other

evidence of record. Each statement of fact shall be followed by a reference to the *pinpoint* page in the record containing support for the statement.

b. *A statement of the exact issues presented for review*. Separate issues should be set forth in separate numbered paragraphs. The Court may limit the issues decided to the exact issues properly raised in the parties' briefs.

c. *An argument*. The argument may be preceded by a summary. The argument shall be divided into sections, with each section separately treating each issue and numbered to correspond with the statement of issues. The argument should set forth Plaintiff's contentions with respect to the issues presented and state the reasons in support. Each factual contention must be supported by a pinpoint citation to the portion of the record relied upon. Legal and other contentions must be supported by citations to statutes, regulations, cases, or other authorities that support the contentions. If Plaintiff requests remand for further proceedings, an argument in support must set forth good cause for remand. Furthermore, if the sought-after remand is for introduction of additional evidence, such evidence must be attached to the brief or provided by proffer that details the anticipated evidence.

d. *A short conclusion*. The conclusion should concisely state the precise relief sought.

2. Defendant's brief, which should respond specifically to each issue raised by Plaintiff, shall be filed **no later than thirty (30) days after the filing of Plaintiff's brief**. Defendant's brief shall conform to the requirements set forth above for Plaintiff's brief, except that a statement of the issues and a statement of the case need not be included unless Defendant is dissatisfied with Plaintiff's respective statements.

3. Plaintiff may serve, file, and submit a brief in reply to the brief of Defendant, **within fourteen (14) days after the filing of Defendant's brief.**

Plaintiff's and Defendant's briefs are limited to **twenty (20) pages** in length. Plaintiff's reply brief is limited to **ten (10) pages** in length. These page limits are exclusive of the caption, signature block, any certificate, and accompanying documents. Parties may seek to extend these

page limits by filing a motion for leave pursuant to Local Rule CV-7, after conferring with the opposing party regarding the need for additional pages. Each brief shall be accompanied by the record excerpts in the form and format set forth in the Court's June 25, 2021, Standing Order. A copy of the Order can be located at: https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/San%20Antonio/Standing%20Order%20Requiring%20Record%20Excerpts%20062521.pdf.

The parties are notified that substantive motion practice—in accordance with Federal Rule of Civil Procedure 12(c) (motion for judgment on the pleadings) and Federal Rule of Civil Procedure Rule 56 (summary judgment)—is not appropriate in this action. While Plaintiff may seek remand as a remedy in Plaintiff's brief, Plaintiff should not file a separate motion to remand or a motion for summary judgment.

Unless the Court schedules oral argument, the Court's determination will be based on the parties' briefs and the record of proceedings before the Commissioner.

In the event Plaintiff fails to timely file a brief, the Court will enter judgment, after the above time limits have expired, on the basis of the Complaint, Answer, and the record of proceedings before the Commissioner.

This Briefing Schedule takes precedence over all other such orders that may have been entered previously.

If the parties fail to comply with this Order, the Court may, in its discretion, impose penalties or sanctions. Parties and counsel should be aware that sanctions can include involuntary dismissal for failure to comply with pretrial instructions, as provided by Federal Rules of Civil

Procedure 16(f) and 41(b).

**IT IS SO ORDERED**.

**SIGNED** this 30th day of September, 2026.



RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE